# Explanation for Question No. 4

This explanation is provided in connection with Question No. 4 of my Motion for Admission *Pro Hac Vice* and Affidavit. The sole basis for this explanation is to explain that over 15 years ago, I was the subject of a small monetary judicial sanction in connection with motions practice in Virginia state court; none of the other bases under Question No. 4 apply. The details of this incident follow.

In May 2005, the Circuit Court of Fairfax County, Virginia entered an order granting sanctions against me personally based my having signed a grounds of defense (essentially, an answer under former Virginia state-court practice), which the court believed violated Virginia Code § 8.01-271.1 (similar to Fed. R. Civ. P. 11). Specifically, the grounds of defense listed several affirmative defenses that we stated our clients may rely on if applicable and if proved at trial. The affirmative defenses we asserted were those which are commonly implicated in personal injury, products liability actions, which the case at issue was. We asserted those defenses out of concern that we did not want them to be deemed waived if not timely asserted—a common concern in Virginia practice.

The other side filed a motion to strike all the defenses, arguing that we did not provide any facts to support them in our responses to discovery. We conferred with the other side and agreed to waive some of the defenses, but explained that other listed defenses may still be warranted, and that we would have to see where discovery took the parties before determining whether those remaining defenses would be pursued or withdrawn.

In addition, the case had been filed once before and nonsuited. In that prior action, we asserted the same defenses. The other side had made a similar motion to strike those defenses. The parties were able to resolve the same issue in the prior action without court intervention by us withdrawing some of the defenses, the other side withdrawing some of its challenges, and the parties agreeing that it was premature to ask for a ruling on the remaining defenses because discovery was not complete. In fact, the other side signed an order agreeing that the issue of the remaining affirmative defenses would not be revisited until after the other side made its expert disclosures, at which time the parties would know better the issues and what defenses might still be appropriate.

Despite this prior history, in the refiled action, the other side rejected our proposal to address this issue the same way the parties resolved it in the prior case. Instead, the other side insisted on a hearing.

During the hearing, the court took issue with the fact that we did not have specific facts in mind when we pled the affirmative defenses. We explained that we pled the defenses so they would not be deemed waived, and that we had pled the defenses as "if applicable and if proved at trial." The court rejected our arguments and disagreed with our explanation that, because our actions were entirely consistent with the parties' course of dealing from the prior case, there was no lack of good faith. The court held that we had to have specific facts supporting the affirmative defenses at the time we filed the grounds of

defense. Since we did not, the court held that the defenses violated Virginia Code § 8.01-271.1, which states:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Va. Code Ann. § 8.01-271.1.

I was the one who signed the grounds of defense. Therefore, the court sanctioned me $2,000 personally. I appealed the ruling to the Supreme Court of Virginia, asserting several arguments.

First, the practice of listing affirmative defenses that may be relied on was, prior to that time, common and widely used in the defense bar. Defense practitioners routinely asserted defenses so they would not be deemed waived, pending the discovery of facts through discovery. In the case at hand, the trial court imposed sanctions despite the fact that discovery would not close for another five months. Therefore, we argued, it was premature to require us to recite facts to support our defenses before we had the benefit of full discovery.

Second, Virginia law requires facts to support an improper purpose before a court may impose sanctions. The trial court, we argued, had no basis for a finding that the defenses were raised in bad faith or for any improper purpose. We were simply following the same practice as from the prior case. Moreover, we were following well-established Virginia practice in terms of reserving defenses to avoid having them deemed waived later.

Third, the trial court lacked any basis in the facts for its monetary award. The other side never presented any evidence to support an award of $2,000 in attorney's fees.

The Supreme Court granted the appeal and the parties fully briefed it. Moreover, because the issue presented such an important issue to Virginia practitioners on both the plaintiff and defense sides of the Bar, the Chief Justice requested amicus curiae briefs from the Virginia Association of Defense Attorneys (VADA) and the Virginia Trial Lawyers

2

Association. Both organizations submitted briefs, with VADA submitting a brief in support of my position.

The Supreme Court heard oral argument on October 31, 2006. On January 12, 2007, the court issued an opinion affirming the sanctions award. In so doing, the court clarified that no party—neither plaintiff nor defendant—may assert claims or defenses without specific facts to support the claims. Several appellate commentators remarked on how this decision represented a major shift in Virginia practice.[1] One respected Virginia law commentator went so far as to call it the "Outrage of the Day."[2] The majority of the commentary on the decision noted that it was contrary to the common practice in the defense bar for decades.

Since this ruling, I have lectured and written on the lessons to be learned from the *Benitez* opinion, for the benefit of my fellow bar members. In addition, at the request of the Chief Justice of the Supreme Court of Virginia, I served a three-year term as a faculty member for the Virginia State Bar's Course on Professionalism.

I appreciate the attention to these matters and consideration of my application, and I am happy to answer any additional questions.

Dated: March 15, 2023          /s/*Robert L. Wise*
                                Robert L. Wise

---

[1] *E.g.*, ("The *Benitez* ruling has been widely regarded as marking a sea change in defensive pleading."). L. Steven Emmert & John E. Davidson, *The Double-Edged Sword of Ford Motor Co. v. Benitez*, Virginia Appellate News & Analysis (2007), http://virginia-appeals.com/the-double-edged-sword-of-ford-motor-co-v-benitez/#.XBlhT1xKiUk.

[2] Steve Minor, *Outrage of the Day*, SW Virginia law blog (Jan. 12, 2007, 3:57 PM), http://swvalaw.blogspot.com/2007/01/outrage-of-day.html.