IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FRANCIS J. FARINA,<br><br>                        Plaintiff,<br><br>vs.<br><br>MAZDA MOTOR OF AMERICA, INC.<br>and KEFFER MAZDA,<br><br>                      Defendants. | Civil Action No. 3:23-cv-00050 |

**Joint Motion to Dismiss, Stay, or Transfer on behalf of Defendants Mazda Motor of America, Inc. d/b/a Mazda North American Operations & Lake Norman Auto Mall, LLC d/b/a Keffer Mazda**

Pursuant to Local Rule 7.1, Defendants Mazda Motor of America, Inc. d/b/a Mazda North American Operations (MNAO) and Lake Norman Auto Mall, LLC d/b/a Keffer Mazda (Keffer Mazda) jointly move the Court for an order dismissing or staying this action, or alternatively, transferring this action to the Central District of California under the "first-to-file" rule given its inherent discretion, as recognized in the Fourth Circuit and this Court, to dismiss, stay, or transfer an action where a substantially similar, earlier-filed action, specifically, *Gary Guthrie v. Mazda Motor of America, Inc.*, Case No. 8:22-cv-01055-DOC-DFM (C.D. Cal.) ("*Guthrie*"), is currently pending before the Honorable David O. Carter in the U.S. District Court for the Central District of California. Defendants initially moved to dismiss, stay, or transfer under the first-to-file rule in response to Plaintiff's initial complaint (Dkt. 20.) Following initial briefing, however, Plaintiff filed the First Amended Complaint on May 2, 2023, rendering Defendants' motion moot, with the Court administratively denying it as such without prejudice. (Dkt. No. 28 at 2.) Defendants hereby revive their initial motion and directly address Plaintiff's First Amended Complaint.

For the reasons stated more fully in Defendants' concurrently filed brief in support, dismissal or a stay under the "first-to-file" rule is warranted and will conserve judicial and party resources without prejudice to Plaintiff Francis Farina.[1] Alternatively, Defendants' respectfully request the Court exercise its discretion to transfer the matter to the District Court for the Central District of California, where the first filed action is pending. Defendants have concurrently filed a Rule 12(b)(6) motion, but in doing so and as stated more fully in Defendants' brief, neither MNAO nor Keffer Mazda waive the right to revise their merits response or to raise any defenses—including defenses under Rule 12—that may upon transfer be available to them.

While not required under Rule 7.1(b), this motion is made following a conference of counsel for all parties regarding Defendants' intent to move to dismiss, stay, or, alternatively, transfer the case to the Central District for possible consolidation with *Guthrie*. Defendants state that on February 9, 2023, Plaintiff's counsel advised of their understanding that MNAO would seek to have this matter dismissed, stayed, or transferred to the *Guthrie* court in California, as MNAO had done with a similar action,[2] and that Plaintiff's counsel would oppose such a motion. On March 23, 2023, counsel for all parties conferred by telephone with counsel for Plaintiff to discuss this motion, at which time Plaintiff's counsel confirmed that they opposed the relief sought in this motion. Defendants renew their motion with the understanding that Plaintiff remains opposed.

---

[1] As discussed further in Defendants' brief, the *Guthrie* complaint covers the same putative class vehicles and asserts the same or substantially similar factual bases and claims as in the *Farina* complaint.

[2] As discussed further in Defendants' brief, a second-filed, substantially similar lawsuit was filed in the Eastern District of California, *Brian Heinz v. Mazda Motor of America, Inc.*, No. 2:22-cv-02058-TLN-CKD (E.D. Cal.), before the Honorable Troy L. Nunley. MNAO has filed a similar motion to stay, dismiss, or transfer the proceedings for possible consolidation with the *Guthrie* proceedings, which is currently under submission there.

This motion is based on Defendants' supporting brief, the accompanying exhibits filed concurrently therewith, and the pleading and documents on file in this case, along with such other evidence as may be presented at the hearing.

Respectfully submitted this 16th day of May, 2023.

/s/Evan M. Sauda
Evan M. Sauda, N.C. Bar No. 32915
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 S. College Street, 23rd Floor
Charlotte, North Carolina 28202
T: (704) 417-3000
F: (704) 377-4814
Email: Evan.Sauda@nelsonmullins.com

Robert L. Wise, Admitted *Pro Hac Vice*
Danielle Gibbons, Admitted *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH LLP
901 East Byrd Street, Suite 1650
Richmond, Virginia 23219
T: 804.533.2900
F: 804.616.4129
Email: Robert.Wise@nelsonmullins.com
Email: Danielle.Gibbons@nelsonmullins.com

*Counsel for Mazda Motor of America, Inc. d/b/a Mazda North American Operations & Lake Norman Auto Mall, LLC d/b/a Keffer Mazda*

/s/Jeremy A. Kosin
Jeremy A. Kosin, N.C. Bar No. 36116
Kenneth B. Rotenstreich, N.C. Bar No. 14293
TEAGUE ROTENSTREICH STANALAND FOX &
HOLT PLLC
Post Office Box 1898
Greensboro, North Carolina 27402-1898
T: (336) 272-4810
F: (336) 272-2448
Email: jak@trslaw.com
Email: kbr@trslaw.com

*Counsel for Lake Norman Auto Mall, LLC d/b/a Keffer Mazda*