## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| Francis J. Farina, on behalf of himself and all others similarly situated, ) ) ) *Plaintiff,* ) ) v. ) ) Mazda Motor of America, Inc., ) and Keffer Mazda, others similarly situated, ) ) *Defendants.* ) | C.A. No.: 3:23-cv-00050-MOC-SCR |

### PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY PURSUANT TO LCvR16.1(f)

Pursuant to Local Rule 7.1 and 16.1(f), Plaintiff, Francis J. Farina, hereby moves this Court to enter an Order granting Plaintiff leave to conduct early discovery as further outlined in Plaintiff's supporting brief being filed concurrent herewith, and in support thereof, states the following:

### CONFERRAL PURSUANT TO LOCAL RULE 7.1(b):

The parties have conferred multiple times since this matter was first filed on January 28, 2023, including, specifically, as to Mazda's assertion that the "first filed rule" applies and, therefore, this matter ought to be dismissed, stayed, or transferred to the Central District of California. In response, Mazda has refused to conference multiple times pursuant to Fed.R.Civ.P 26 and/or to otherwise participate in developing an orderly Schedule for presentation of this issue to the Court , ignored its obligations under Fed.R.Civ.P. 12 and the Court's local rules. In fact, Mazda has colluded with plaintiffs' counsel in California to circumvent this Court's primary jurisdiction over the *actual* Claims asserted herein —claims that cannot be brought in California and which arise —under a statutory scheme that was designed to ensure fairness and equity while

1

protecting this Court's primary jurisdiction and integrity (*see, e.g.* 28 U.S.C. § 1407, *et seq.*). These are the policies behind the "first filed rule" itself. This motion is brought specifically because Mazda refuses to cooperate in the fair and orderly administration of Plaintiff Farina's claims and to submit to this Court's proper jurisdiction.

## MOTION

For the reasons stated more concisely in Plaintiff's brief in support of his Motion to Conduct Early Discovery, Plaintiff Francis J. Farina, on behalf of himself and all others similarly situated, hereby moves pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34 for discovery limited to the issue of this Court's personal jurisdiction over Mazda Motor of America, Inc. ("Mazda") and as to the matters Mazda raises within its Motion to Dismiss (Doc. Nos. 32 and 33) and attenuating Motion to Stay (Doc. Nos. 30 and 31). As set forth in Farina's response in opposition to Mazda's Motion to Stay (Doc. No. 30)[1], this Court should deny Defendants' motions. In the alternative, this Court should allow Farina to conduct discovery on the issue of this Court's personal jurisdiction over Mazda and as to the matters Mazda raises within its motions and deny both without prejudice to renew them following the completion of this discovery. Defendants themselves have forced this jurisdictional issue by challenging this Court's power to adjudicate the claims against them.

Specifically, Farina seeks to conduct the following discovery limited to the issue of personal jurisdiction: (a) 10 interrogatories, (b) 10 requests for production, (c) a Rule 30(b)(6)

---

[1] Defendants themselves agree that a swift determination of this issue is in the interest of judicial and party resources, therefore Plaintiff Farina will be timely filing opposition to the joint motion to dismiss (Doc. No. 32) but has expedited the opposition to the motion to stay so that, along with this Alternative Pleading, judicial resources can be conserved. See, Doc. No. 30, pg. 2 (Defendants maintain that the Court should first decide Defendants' motion to dismiss, stay, or transfer under the first-to-file rule. That motion is brought to conserve judicial and party resources without prejudice to Plaintiff Farina).

2

deposition of Mazda's designee, (d) a deposition of Keffer's Designee, and (c) depositions of those persons who have provided declarations in support of Mazda's motions.

    As such, this Motion is based on Plaintiff's supporting brief, all pleadings, and documents currently on file, and any evidence that may be presented at a hearing.

Respectfully Submitted May 25, 2023.

                                                    M<sup>c</sup>Leod | Brunger PLLC

                                                    By: /s/Joseph A. O'Keefe
Joseph A. O'Keefe, *Admitted Pro-Hac Vice
Co. #52229, Pa. # 77068
10375 Park Meadows Drive, Suite 260
Lone Tree, CO 80124
(720) 443-6600
jokeefe@mcleodbrunger.com


The DiGuiseppe Law Firm, P.C.

By: */s/ Raymond M. DiGuiseppe*
NC State Bar No. 41807
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com

***Attorneys for Plaintiff***

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2023, I caused a true and correct copy of foregoing was filed and served with the Clerk of Court using CM/ECF system which will send notification of filing to the following:

Jeremy A. Kosin, NC Bar #36116
Kenneth B. Rotenstreih NC Bar # 14293
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898 Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: jak@trslaw.com
E-mail: kbr@trslaw.com
***Attorney for Defendant Keffer Mazda***

Evan M. Sauda, NC Bar #32915
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
Email: evan.sauda@nelsonmullins.com
***Attorney for Defendant Mazda Motors of America, Inc.***

                                              */s/Keri A. Roberts*