IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Francis J. Farina, on behalf of himself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>Mazda Motor of America, Inc., and Keffer Mazda, on behalf of itself and all others similarly situated,<br>    Defendants. | C.A. No.: 3:23-cv-00050-MOC-SCR |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY PURSUANT TO LCvR16.1(f)**

**I. INTRODUCTION**

This case arises under Federal statutory laws and involves a North Carolina Plaintiff suffering injuries from the violation of those laws, seeking to represent a class whose injuries arising under those same Federal laws. *Guthrie* involves violations of state law, involving no North Carolina plaintiffs, with a class whose injuries arise under state law. There is a unique plaintiff, unique class, unique injury, and a wholly separate set of laws from the multiple state law at issue in Guthrie.

Moreover, Plaintiff Farina asserts claims under the federal Magnuson-Moss Warranty Act, predicated on violations of the Federal Clean Air Act ("CAA") as well as claims under the CAA itself. These claims plainly allege, based on undisputed or indisputable facts, that Mazda, as required by law, warrants both defect and performance of their emission systems:

> 4. Emission Defect Warranty
>
> Mazda warrants to the ultimate purchaser and each subsequent purchaser that this Mazda Vehicle is designed, built, and certified so as to conform at the time of sale with applicable

regulations under Section 202 of the Federal Clean Air Act. This Warranty does not mean that each Mazda vehicle is defect free. For this reason, Mazda provides this Warranty in order to remedy during the warranty period any such defects in materials and workmanship which would cause it to fail to confirm with the applicable regulations during the warranty periods mentioned herein after. The vehicle must be brought to an authorized Mazda dealer for all warranty service. The applicable regulations require that the warranty period is for the first 24 months* or 24,000 miles, whichever comes first. However, Mazda will provide you a coverage of 36 months* or 36,000 miles, whichever comes first, under the terms of the New Vehicle Limited Warranty. The applicable regulations also require that the warranty period for specific major Emission Warranty Parts listed in Section 7 is for the first 96 months* or 80,000 miles, whichever comes first.
…
5. Emission Performance Warranty
Pursuant to Section 207 (b) of the U.S. Clean Air Act, Mazda, in relevant part, warrants to each Owner that if:

(a) The Mazda Vehicle is maintained and operated in compliance with the Written Maintenance Instructions; and

(b) The Mazda Vehicle fails to conform at any time during the term of this warranty to the applicable emission standards as judged by an emission test approved by the EPA; and …

(d) If such nonconformity results from the failure of an Emission Warranty Part. Mazda *shall* remedy the nonconformity at no cost to the Owner.

The California cases—as Defendants necessarily have acknowledged—depend solely on state law, and the CAA "unambiguously and expressly preempts state common law tort actions, provided that they 'relate to' the control of emissions." *Jackson v. General Motors Corp.*, 770 F.Supp.2d 570, 576 (S.D.N.Y. 2011) (finding that state "enforcement actions that have any connection with or reference to the control of emissions from motor vehicles are preempted by [the CAA]"); *see also In re Quash Subpoenas Duces Tecum*, 269 A.D.2d 1, 709 N.Y.S.2d 1 (1st Dep't 2000) (finding that state attorney general could not use state common law to pursue claims related to defendants' use of devices designed to circumvent CAA standards because if similar state claims were allowed to proceed in the other 49 states "the chaotic situation which Congress sought to avoid would become an overnight reality. In sum, States cannot be allowed to do indirectly what they cannot do directly . . . ."); *Gutierrez v. Mobil Oil Corp.*, 798 F.Supp. 1280, 1284 n. 6 (W.D. Tex. 1992) (noting that Congress has made clear its intent to expressly preempt

2

from state regulation moving sources such as automobiles). Further compounding the impropriety of what Defendants claim and seek by their joint motions, <u>California is the only state in the Union that is allowed to establish its own regulations exclusive of the CAA.</u>

Yet, *despite all of this*, Defendants self-servingly miscast Plaintiff Farina's claims, and argue that they are improperly before the Court because the "first filed rule" somehow deprives the Court of jurisdiction to hear Plaintiff Farina's claims, *claims that cannot be brought under California state law nor in California as it is the only state in the Union with a waiver under the CAA*. (Doc. No. 30, pg 1). These are the matters before <u>this</u> Court.

## II.     ARGUMENT

As set forth in his response in opposition to Mazda's motion to stay, the "First Filed Rule" is inapplicable herein. Plaintiff Farina has made a prima facie case of personal jurisdiction, averred purely federal claims that warrant the relief sought, and has demonstrated through undisputed or indisputable facts that this matter squarely belongs before this Court and not in California matters. Thus, this Court should deny Mazda's motion. Should this Court conclude otherwise, however, then this Court should allow Plaintiff Farina to immediately conduct jurisdictional discovery on the issues Mazda itself has raised through its motions, including, especially, personal jurisdiction over Mazda regarding these purely federal claims, and deny Mazda's motion to dismiss without prejudice to renewal after the completion of jurisdictional discovery.

"It is well settled that 'District Courts have broad discretion to allow discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure.'" *S & S Mgmt. v. White*, 2015 U.S. Dist. LEXIS 79103, at *5 (W.D.N.C. June 18, 2015) (quoting *Mylan Labs., Inc. v. Akzo*, 2 F.3d 56, 64 (4th Cir. 2003)). Rule 26(f) explicitly authorizes a court to otherwise order that a Rule 26(f) conference need not occur in a specific proceeding, while simultaneously authorizing early discovery. Fed. R.

3

Civ. P. 26(f)(1); *see also OMG Fidelity, Inc. v. Sirius Technologies, Inc.,* 239 F.R.D. 300 (N.D.N.Y. 2006) (plaintiff granted permission to engage in immediate pretrial discovery although parties had not yet conferred pursuant to Fed. R. Civ. P. 26(f)). Moreover, Rule 26(d) authorizes expedited discovery "when authorized by these rules, by stipulation, or by *court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). *Wilhelm ex rel. Cain v. Liberty Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 4079, *6 (N.D.W.V. 2011).

Additionally, Federal Rule of Civil Procedure 16(c)(2)(L)[1] also contemplates that the district court may adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." And the district court is empowered to order separate trials of any "claim, counterclaim, crossclaim, third-party claim, or particular issue." Fed. R. Civ. P. 16(c)(2)(M), *see also* Fed. R. Civ. P. 42(b).

The docket in the California action indicates that while there may be overlapping facts, e.g., excessive oil consumption, the claims herein are entirely different and those in Guthrie are fraught with several significant issues as pled. The *pended* motion to dismiss before the California court is plainly likely to succeed. Counsel therein, with Mazda's concurrence - sought and received "interim" appointment as "class counsel" for an amorphous *proposed* national class under California consumer protection laws in circumvention of Fed. R. Civ. P. 23 so that they can 'mediate' legitimate national class claims which are not even raised, in the Guthrie action and for which Guthrie lacks Standing to raise, in the operative *state* court complaint which Mazda removed.

---

[1] *See also,* LCvR16.1(f).

4

Therefore, exclusive of its ability to regulate discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is proper and necessary for this Court to issue what is commonly referred to as a *Lone Pine Order*[2] as against Mazda, requiring it to produce evidence and testimony to support its factual arguments, including that this matter is not properly before this North Carolina Federal District Court. *See,* Fed.R.Civ.P.16(c)(2)(L); *see also Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 604 (5th Cir. 2006); *Bell v. Exxon Mobil Corp.,* No. 01-04-00171-CV, 2005 Tex. App. LEXIS 1680 (Tex. Ct. App. 1st Dist. Mar. 3, 2005).

As noted in *In re Amtrak Train Derailment in Phila.*, 268 F. Supp. 3d 739 (E.D. Pa. 2017).

> "A well-designed case flow management system virtually assures that each case will receive the type and amount of court attention required by its nature and complexity." This approach is consonant with the Federal Rules of Civil Procedure which authorize a court to consider and take appropriate action by "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties difficult legal questions, or unusual proof problems," and by "facilitating in other ways the just, speedy, and inexpensive disposition of the action."

*Id. citing* Fed. R. Civ. P. 16(c)(2)(L), 16(c)(2)(P). Consistent therewith, knowing that there were other cases involving defective Mazda's that were based on state consumer law, Plaintiff Farina's counsel wrote on February 9, 2023, to Mazda noting:

> [Farina] does not believe this matter is properly "stayed" or "transferred," [he is]– however, willing to consider the propriety of seeking consolidated proceedings – each party free to pursue their separate, non-competing class claims, pursuant to 28 U.S.C. § 1407. As you are aware, thereunder, the Judicial Panel on Multidistrict Litigation ("the Panel") is authorized by Congress to transfer actions to any district for coordinated or consolidated pretrial proceedings "when civil actions involving one or more common questions of fact are pending in different districts." *Id.* This would allow each action so transferred to be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however*, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded. 28 U.S.C. § 1407(a) (emphasis original).

---

[2] *See Lore v. Lone Pine Corp.,* 1986 N.J. Super. LEXIS 1626, 1986 WL 637507 (N.J. Super. Law Div. Nov. 18, 1986)

5

Tellingly, Mazda not only declined to jointly present these matters to the Court to ascertain how it would like them to proceed, but it also rebuffed every invite to meet and confer pursuant to Fed.R.Civ. P. 26– opting instead to double down on its efforts to get around this Court and Farina's purely federal claims, by filing (on February 17, 2023) a Notice of Non-Opposition to Appointment of Guthrie Counsel as Interim Class Counsel (who was familiar to Mazda from other cases.).

In the interest of judicial economy, this Court should deny Mazda's Joint Motion to Dismiss, Stay, or Transfer (Doc. Nos. 30-31) without prejudice to renewal and allow Farina to conduct discovery on the issues Mazda has raised, limited to 10 interrogatories, 10 requests for production, a Rule 30(b)(6) deposition of Mazda's designee, and a deposition of Bernt Christiaan Smit, who submitted a declaration in support of Mazda's motion to dismiss. *Spigner*, 2020 U.S. Dist. LEXIS 108206, at *6–7 (allowing jurisdictional discovery and recommending that the district court deny the defendant's Rule 12(b)(2) motion to dismiss without prejudice to renewal); *Wallace*, 2019 U.S. Dist. LEXIS 154905, at *17–18 (allowing jurisdictional discovery limited to 25 interrogatories, 25 requests for production, Rule 30(b)(6) depositions of the three corporate-defendants' designees, and a deposition of the defendants' employee who provided a declaration in connection with the defendants' removal); *S & S Mgmt.*, 2015 U.S. Dist. LEXIS 79103, at *5 (granting early discovery limited to 10 interrogatories to each defendant, 10 requests for production to each defendant, a Rule 30(b)(6) deposition of each defendant, and depositions of the defendants' three declarants).

### III. CONCLUSION

For the foregoing reasons, Plaintiff Farina requests leave to conduct limited discovery on the topic of the Court's personal jurisdiction over Defendants, the basis for Defendants' claim the

6

Case 3:23-cv-00050-MOC-SCR     Document 36     Filed 05/25/23     Page 6 of 8

"First Filed Rule" is applicable, and into Mazda's collusion with the *Guthrie* counsel to evade this Court and Plaintiff Farina's federal CAA and MMWA claims.

Respectfully Submitted, May 25, 2023             McLeod│Brunger PLLC

By: /s/ Joseph A. O'Keefe*
Joseph A. O'Keefe, *Admitted Pro HacVice
Co. #52229, Pa. # 77068
10375 Park Meadows Drive, Suite 260
Lone Tree, CO 80124
(720) 443-6600
jokeefe@mcleodbrunger.com

The DiGuiseppe Law Firm, P.C.

By: */s/ Raymond M. DiGuiseppe*
NC State Bar No. 41807
116 N. Howe Street, Suite A
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I caused a true and correct copy of foregoing to be filed and served with the Clerk of Court using CM/ECF system which will send notification of filing to the following:

Evan M. Sauda, NC Bar #32915
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
Email: evan.sauda@nelsonmullins.com

Robert L. Wise, Admitted *Pro Hac Vice*
Danielle Gibbons, Admitted *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
901 East Byrd Street, Suite 1650
Richmond, Virginia 23219
Telephone: (804) 533-2900
Facsimile: (804) 616-4129
Email: robert.wise@nelsonmullins.com
Email: danielle.gibbons@nelsonmullins.com

***Attorney for Defendant Mazda Motors of America, Inc.***

Jeremy A. Kosin, NC Bar #36116
Kenneth B. Rotenstreih NC Bar # 14293
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898 Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: jak@trslaw.com
E-mail: kbr@trslaw.com

***Attorney for Defendant Keffer Mazda***

                */s/Keri A. Roberts*

8

Case 3:23-cv-00050-MOC-SCR   Document 36   Filed 05/25/23   Page 8 of 8