# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| FRANCIS J. FARINA,<br><br>           Plaintiff,<br><br>vs.<br><br>MAZDA MOTOR OF AMERICA, INC.<br>and KEFFER MAZDA,<br><br>           Defendants. | Civil Action No. 3:23-cv-00050 |

**Defendants' Joint Opposition to Plaintiff's Motion for Leave to Conduct Early Discovery**

  Plaintiff's motion is entirely baseless. Indeed, in moving for early discovery, it appears Plaintiff here has simply recycled a filing from another case in which a party there sought the same relief—including asserting here the need to conduct jurisdictional discovery to oppose a motion to dismiss for lack of personal jurisdiction despite the fact that personal jurisdiction is not even in issue. To be sure, unlike in the motions filings in the other action on which Plaintiff appears to have relied, neither Defendant has moved to dismiss based on nor challenged this Court's ability to exercise personal jurisdiction over them as to Plaintiff's action.

  Rather, Defendants have moved to dismiss, stay, or transfer based on the first-to-file rule, a motion directed to judicial economy and the Court's inherent power to control its docket. No discovery is needed to resolve that motion—it is entirely based on Plaintiff's complaint and the public docket of proceedings in the earlier-filed action. Nor is discovery otherwise necessary to resolve the motions pending before the Court. Defendants' motion to

1

dismiss is based on Plaintiff's failure to adequately allege a claim for relief in his First Amended Complaint (FAC).

Plaintiff's requested discovery would serve no purpose except to waste party and judicial resources and delay proper resolution of Defendants' motions and requested relief. The Court can and should dismiss, stay, or transfer this action under the first-to-file rule and otherwise deny Plaintiff's motion for leave to conduct early discovery.

## Introduction

Plaintiff Farina filed suit against Defendants MNAO and Keffer Mazda in January 2023, alleging his vehicle has a defect in the valve stem seal that allows for excessive oil consumption. (Dkt. 1; *also* Dkt. 29 (First Am. Compl. (FAC)).). While there is and has been since April 2022 a pending putative class action in the United States District Court for the Central District of California already addressed to this same alleged defect, Plaintiff sought to file here another such putative class action, which largely parroted allegations from that case. (*See generally* Dkts. 30–31 (Defs.' J. Mot. to Dismiss, Stay, or Transfer & accompanying brief).)

In response to Plaintiff's action, Defendants have moved to dismiss, stay, or transfer under the first-to-file rule: because the earlier-filed matter—*Gary Guthrie v. Mazda Motor of America, Inc.*, No. 8:22-cv-1055 (*Guthrie*)—is pending in another federal forum addressed to the same alleged defect, judicial economy will be best served by at least transferring Plaintiff's action for consolidation with the first-filed *Guthrie* action. (*Id.*) Defendants have also moved under Rule 12 to dismiss for failure to state a claim—albeit, as explained, merely to thwart Plaintiff's misguided assertions that Defendants would otherwise be in default. (Dkts. 32–33.) Under either motion, the propriety of relief is entirely based on the allegations in the complaint and documents incorporated by reference therein.

2

In opposition to Defendants' first-to-file motion, Plaintiff now moves for leave to conduct "jurisdictional discovery on the issues Mazda itself has raised through its motions, including, especially, personal jurisdiction over Mazda regarding these purely federal claims . . . ." (Dkt. 36 (Pl.'s Br.) at 3.) Plaintiff also purports to request a so-called "*Lone Pine Order*" requiring MNAO "to produce evidence and testimony to support its factual arguments including that this matter is not properly before this North Carolina Federal District Court." (*Id.* at 5.) In doing so, Plaintiff continues his attempts to raise a specter of malfeasance and supposed factual issues where there are none.

**Factual Background**

As noted above, since the inception of this litigation, Defendants have made clear their position that the first-to-file rule applied and their intent to dismiss, stay, or transfer on that basis. Plaintiff, meanwhile, has maintained his disagreement, and instead has insisted that this case requires special management in periodic letters and emails requesting Rule 26(f) and other case management conferences, all sent before Defendants had even lodged an initial response to the complaint.[1] (*See generally* Ex. A.) Defendants repeatedly responded by asserting that such requests were either unnecessary or premature both under the facts and the rules. (*Id.*)

Defendants then moved to dismiss, stay, or transfer the instant action based on the first-to-file rule, asserting that judicial economy would be best served by at least transferring Plaintiff's action to the Central District of California, where the first-filed *Guthrie* action is pending. (*See generally* Dkts. 20–21.) After initial briefing on Defendants' first-to-file

---

[1] Defendants have attached as Exhibit A true and correct copies of emails and letters Plaintiff's counsel sent prior to Defendants' initial response to the original complaint in this action.

3

motion, Plaintiff amended his complaint as of right. (*See* Dkts. 28, 29.) The FAC asserts—based on the same alleged defect as that in the original complaint—claims under the Magnuson-Moss Warranty Act stemming from MNAO's emissions warranties, claims under the Clean Air Act (CAA), a claim for civil conspiracy, and a claim for declaratory judgment. (*See generally* FAC.)

Two days later, on May 4, 2023—and 12 days before Defendants' initial response to the FAC was due—Plaintiff delivered a premature and unenforceable Request for Production, a copy of which is attached as Exhibit B. The Request purported to be made "pursuant to Rules 26(d)(1) and 34 of the Federal Rules of Civil Procedure," despite the fact that, at that time, the issues in the action had not joined, and the parties had not held a Rule 26(f) conference.[2] *See* Fed. R. Civ. P. 26(d) (setting forth time for discovery); LCvR 16.1(d) (defining when joinder of issues occurs for purposes of Local Rules). The Request for Production demanded a response within 30 days, and requested, *inter alia*:

- All documents concerning communications between you and Guthrie Counsel concerning this Farina matter.
- All documents concerning the Certificate of Conformity filed with the Environmental Protection Agency ("EPA") for the affected Class Vehicles.
- All documents concerning any Cheat Software currently employed in, by, or for the Class Vehicles.[3]

---

[2] Even as an Early Rule 34 request under Rule 26(d)(2)—which Plaintiff himself does not submit his requests to have been—such would only be considered served as of the initial rule 26(f) conference, with no response thereto due until 30 days after the conference. Fed. R. Civ. P. 26(d)(2)(B), 34(b)(2)(A).

[3] As the rules establish, Plaintiff's initial document requests are not yet deemed served. If and when those requests may be deemed properly served, MNAO maintains the right to object to such discovery or seek other appropriate relief, given the baseless nature of numerous requests therein. For example, Plaintiff's FAC does not even allege the use of so-called cheat software or other defeat devices under the Clean Air Act, and instead purports to enforce the Act's reporting requirements, making Plaintiff's requests as to such devices irrelevant. (FAC at 23–24.)

4

- All documents concerning the cause of, or reason for, excessive oil consumption in [*sic*] Class Vehicles.
- All documents concerning your representations to the Court that the claims in Farina are identical and/or inferior to the claims asserted in Guthrie.
- All documents concerning any Joint Defense and/or Indemnity Agreement between and among Mazda, Keffer, and any Defendant Class Member.
- All documents concerning any discussions or agreements between you and Guthrie Counsel to settle or resolve Guthrie.

Subsequently, on May 12 and still before Defendants' response to the FAC was due, Plaintiff's counsel sent another letter via email, this time with a proposed scheduling order attached.[4] (Ex. C.) In his letter, Plaintiff's counsel asserted that Defendants had supposedly "refus[ed] to cooperate in this case" and had "demonstrated [a] tactic of attempting to circumvent this Court." Plaintiff further accused Defendants of engaging in "colluded hostility." Plaintiff's letter demanded that Defendants submit to scheduling and "agree" that the issues were properly joined—again, before Defendants had even responded to the FAC. Defendants did not respond to counsel's letter[5] and instead subsequently refiled their motion to dismiss, stay, or transfer based on the first-to-file rule, this time addressed to the FAC, and also contemporaneously moved to dismiss the entire action under Rule 12(b)(6) as a cautionary response to Plaintiff's prior assertions that Defendants would otherwise be in default. (*See generally* Dkts. 30–33.)

---

[4] A true and correct copy of this letter is attached Exhibit C.

[5] Defendants' counsel did not timely receive this letter because a firewall issue—since resolved––quarantined Plaintiff's email due to various "spam-filter" triggers contained therein. Defendants nevertheless would not have responded or agreed to Plaintiff's demands, having already repeatedly made Defendants' position clear that the issues were not properly joined, that a Rule 26(f) conference (and any ensuing discovery) was premature, and that this action in its entirety should be dismissed, stayed, or transferred to the *Guthrie* court.

5

In a factually spurious opposition to Defendants' first-to-file motion, Plaintiff serially accused MNAO of "collusion," asserting that MNAO was working with the *Guthrie* plaintiffs' counsel to pursue "a lopsided, un-informed mediation" specifically designed "to monetize a general release of the class claims asserted in Farina's case." (Dkt. 34 at 3.) Plaintiff's accusations are based on (1) MNAO's pursuit of court-ordered mediation of the substantially similar claims in *Guthrie*, (2) an email he received from the *Guthrie* plaintiff's counsel, and (3) MNAO's non-opposition to the *Guthrie* plaintiffs' motion for appointment of interim class counsel. (*Id.* at 3, 15 n.5; *also* Pl.'s Br. at 4, 6.) In other words, Plaintiff's accusations are baseless and manufactured.

At the same time, Plaintiff also filed the instant Motion for Leave to Conduct Early Discovery, insisting his requested discovery is necessary to respond to Defendants' first-to-file motion. (Pl.'s Mot.) In particular, Plaintiff's motion argues that he needs jurisdictional discovery on an imagined personal jurisdiction defense that neither Defendant has raised. The reason for this misplaced request appears to be because Plaintiff was relying on and copying in part from a similar motion lodged in an entirely different case involving none of the parties here.[6] (*See* Pl.'s Br. at 6; Ex. D.) In that other action, the plaintiff sought jurisdictional discovery to contest the defendant's motion to dismiss for lack of personal jurisdiction; along with that request, the plaintiff there sought "to conduct the following discovery limited to the issue of personal jurisdiction: (a) 10 interrogatories, (b) 10 requests for production, (c) a Rule 30(b)(6) deposition of Elsevier Ltd.'s designee, and (d) a deposition of Bernt Christiaan Smit,

---

[6] Defendants have attached as Exhibit D true and correct copies of two filings from *Global Plasma Solutions, Inc. v. Elsevier Inc.*, No. 3:22-cv-00034, which came before this Court last year. Namely, Defendants have attached "Plaintiff's Alternative Motion for Jurisdictional Discovery," and a declaration referenced therein, "Declaration of Bernt Christiaan Smit."

who provided a declaration in support of Elsevier Ltd.'s motion to dismiss." (Ex. D at 1.) This is almost identical to the request here, including the request for "a deposition of Bernt Christiaan Smit, who submitted a declaration in support of Mazda's motion to dismiss" (Pl.'s Br. at 6)—despite the lack of any pending Rule 12(b)(2) motion, as well as the fact there is no one named "Bernt Christiann Smit" affiliated with MNAO or any Mazda entity, nor has anyone by that name submitted a declaration here (much less in support of a Rule 12(b)(2) motion to dismiss that no one has filed).

Plaintiff also requests a so-called "*Lone Pine Order*" requiring MNAO "to produce evidence and testimony to support its factual arguments." (Pl.'s Br. at 3, 5.) And based on his manufactured "collusion" theories, he asks to conduct discovery "into Mazda's collusion with the *Guthrie* counsel to evade this Court and Plaintiff Farina's federal CAA and MMWA claims." (Pl.'s Br. at 6–7.)

**Argument**

Under the Federal Rules of Civil Procedure, a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless otherwise authorized by rule, stipulation, or order. Fed. R. Civ. P. 26(d)(1). Under the local rules, parties must conduct said conference not later than 14 days following a joinder of the issues. LCvR 16.1(a). But where, as here, a defendant has either not yet answered or has filed a Rule 12 motion that potentially disposes of all issues, the issues have not joined. LCvR 16.1(d). And as Defendants have shown, a motion under the first-to-file rule is a proper response to a complaint, under which the issues will not be joined just as with the filing of a Rule 12 motion. *Cf., e.g.*, *Kamparri Trading Ltd. v. Match.com, LLC*, No. 12-23573-CIV, 2012 WL 12865851, at *1 (S.D. Fla. Dec. 10, 2012) ("However, while motions under the first-to-file rule are

7

generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings, they are often considered by courts prior to the filing of an answer.") (internal quotation marks omitted); *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. 10-cv-1, 2010 WL 11632755, at *1 (E.D.N.Y. Aug. 12, 2010) (stating that defendant's first-to-file motion stayed its obligation to file a responsive pleading). *See generally* Wright & Miller, Fed. Pract. & Proc. § 1360 (3d ed. 2022) (describing preliminary motions not enumerated in Rule 12(b) that courts routinely address pre-answer, including motions to dismiss or stay based on the pendency of a similar action, and collecting cases).

Moreover, court-enforceable discovery does not commence until issues have joined and a scheduling order has been entered. LCvR 16.1(f). These rules reflect that, absent extenuating circumstances, discovery prior to resolution of a dispositive Rule 12 motion or other joinder of the issues would result in potentially wasteful, unnecessary, and burdensome expenditure of party and judicial resources. Thus, a party seeking to conduct early discovery generally must so move and show good cause for doing so. *E.g.*, *Movement Mort., LLC v. Intercont'l Cap. Gr., Inc.*, No 3:22-cv-00147, 2022 WL 17574801, at *3 (W.D.N.C. Dec. 9, 2022) (explaining that expedited discovery is generally authorized only on a showing of good cause). In evaluating good cause, a request based on speculation will be denied, as will one that is overbroad. *See id.* (describing the contours of good cause and denying motion for early discovery where none shown).

No such good cause exists here. Indeed, Plaintiff has shown none. Rather, he moves for discovery as to a motion never made (i.e., as to a non-existent personal jurisdiction motion), a filing never submitted (an imaginary declaration), and an individual with no connection whatsoever to this litigation (Mr. Smit of Elsevier). Moreover, Plaintiff's ill-

8

founded discovery is a thinly-veiled attempt to conduct merits-based discovery—as well as entirely meritless discovery on his self-concocted collusion accusations. Neither category of discovery is warranted nor proper, nor is any of it necessary or relevant in resolving Defendants' pending motions. The Court should deny Plaintiff's requested discovery.

***Defendants have not raised personal jurisdiction in any of their motions, making Plaintiff's motion for jurisdictional discovery a non-starter.*** Plaintiff moves for jurisdictional discovery (Pl.'s Mot. at 2) when Defendants have not raised personal jurisdiction as a defense. Defendants have moved to dismiss, stay, or transfer based on the first-to-file rule, a motion directed to judicial economy and the Court's inherent power to control its docket. Nor do Defendants' raise personal jurisdiction in their Rule 12 motion to dismiss. Plaintiff's assertion that discovery is necessary to respond to a personal jurisdiction defense that has not been raised is entirely confounding, and serves only to reveal his request for discovery overall as entirely baseless—as does his request to depose an individual with no connection whatsoever to any party or this litigation. *Cf., e.g.*, *Legacy Data Access, LLC v. Mediquant, Inc.*, No. 3:15-cv-00584, 2016 WL 633415, at *2 (W.D.N.C. Feb. 17, 2016) (describing as "tantamount to full-on discovery" a motion to serve ten interrogatories, ten requests for production, and to conduct one 30(b)(6) deposition all in the absence of any well-articulated jurisdictional dispute).

***Defendants' motions do not raise "factual allegations" requiring discovery.*** Plaintiff's request for a so-called "*Lone Pine Order*"[7] to compel "evidence and testimony to

---

[7] Since Plaintiff first raised the issue of a "*Lone Pine* Order," Defendants have maintained that such an order has no application here. In his motion, Plaintiff continues to fail to show otherwise.

9

support its factual arguments" is similarly irrational. (Pl.'s Br. at 5.) No discovery is needed to resolve either pending motion.

Defendants' first-to-file motion is based on (1) the allegations set forth in Plaintiff's FAC, and (2) the publicly available record of proceedings in the first-filed *Guthrie* action, and in particular the operative Second Amended Complaint in that action. Meanwhile, Defendants' motion to dismiss is entirely based on Plaintiff's failure to adequately allege a claim for relief as set forth in his own First Amended Complaint and the documents incorporated by reference and relied on therein. Those are the factual predicates for Defendants' motions. By Plaintiff's logic, every case in which a Defendant moves to dismiss would require early discovery and a *Lone Pine* Order. Indeed, it is plain that Plaintiff essentially acknowledges as much since, by the end of his brief, he reveals his desire to conduct discovery to further fabricate his assertions of MNAO's supposed "collusion with *Guthrie* counsel to evade this Court and Plaintiff Farina's federal CAA and MMWA claims."[8] (Pl.'s Br. at 7.)

This is the only factual issue Plaintiff can point to, and it's one that he himself manufactured and raised in response to Defendants' first-to-file motion. As Defendants have already set forth in responding to Plaintiff's first-to-file opposition, there is and has been no collusion, and there is no improper evasion. Defendants simply seek to transfer the instant action for consolidation with the first-filed action where MNAO is pursuing court-ordered mediation toward a possible resolution or is otherwise pursuing orderly litigation therein. And

---

[8] As is further shown in a number of items included in Plaintiff's premature and currently unenforceable Request for Production, including requests for all "documents concerning any discussions or agreements between you and Guthrie Counsel to settle or resolve Guthrie." (Ex. B at 11.)

to the extent the Court agrees that transfer of this action is appropriate, Plaintiff fails to show how his claims would be evaded––Plaintiff would be free to address his claims to the *Guthrie* court. (*See generally* Dkt. 38 at 15–17 (Defs.' Reply in Support of Mot. to Dismiss, Stay or Transfer) (responding to Plaintiff's repeated and manufactured assertions that MNAO is "colluding" with the *Guthrie* plaintiff's counsel to "preclude" Plaintiff Farina's claims and "hoodwink" the Central District of California).)

In short Plaintiff's request for early discovery amounts to nothing more than an attempt to get a "head start" on discovery, untethered from any jurisdictional dispute or good cause shown. *See Milliken & Co. v. CAN Holdings, Inc.*, No. 3:08CV578, 2010 WL 148428, at *1 (W.D.N.C. Jan. 12, 2010) (denying motion for early discovery where motion failed to show good cause and thus amounted to mere desire to get a "head start" on discovery).

***Despite Plaintiff's counsel's repeated assertions to the contrary, Defendants are not refusing to cooperate––Plaintiff's requests to submit for scheduling were and are premature, particularly given Defendants' first-to-file motion.*** The issues in this action have not joined, and, indeed, the parties dispute whether the instant forum is the most appropriate and economical forum to litigate Plaintiff's claims. Defendants have further filed a potentially dispositive motion to dismiss the entire action for failure to state a claim, which would also need to be resolved either by the transferee court (in the event of transfer), by this Court, or possibly not now or at all were the Court to stay or dismiss this action. Plaintiff's motion for early discovery is merely a culmination of unrelenting attempts to push this litigation forward at his own preferred pace, and his pattern of insisting that anything short of full capitulation to his demands is obstruction, evasion, and collusion. Plaintiff's accusations are baseless, and

11

they provide no proper basis to except Plaintiff from the Rules and to bypass the normal scheduling and timing under them.

## Conclusion

Plaintiff's motion for early discovery lacks merit, both factually and legally. The Court can and should dismiss, stay, or transfer this action under the first-to-file rule, and otherwise deny Plaintiff's motion for leave to conduct early discovery.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted this 8th day of June, 2023.

/s/*Evan M. Sauda*_____
Evan M. Sauda, N.C. Bar No. 32915
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 S. College Street, 23rd Floor
Charlotte, North Carolina 28202
T: (704) 417-3000
F: (704) 377-4814
Email: Evan.Sauda@nelsonmullins.com

Robert L. Wise, Admitted *Pro Hac Vice*
Danielle Gibbons, Admitted *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH LLP
901 East Byrd Street, Suite 1650
Richmond, Virginia 23219
T: 804.533.2900
F: 804.616.4129
Email: Robert.Wise@nelsonmullins.com
Email: Danielle.Gibbons@nelsonmullins.com

*Counsel for Mazda Motor of America, Inc. d/b/a Mazda North American Operations & Lake Norman Auto Mall, LLC d/b/a Keffer Mazda*

/s/*Jeremy A. Kosin*_____
Jeremy A. Kosin, N.C. Bar No. 36116
Kenneth B. Rotenstreich, N.C. Bar No. 14293
TEAGUE ROTENSTREICH STANALAND FOX & HOLT PLLC
Post Office Box 1898
Greensboro, North Carolina 27402-1898
T: (336) 272-4810
F: (336) 272-2448
Email: jak@trslaw.com
Email: kbr@trslaw.com

*Counsel for Lake Norman Auto Mall, LLC d/b/a Keffer Mazda*

13