IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Francis J. Farina, on behalf of himself and all others similarly situated, ) ) ) | |
| *Plaintiff,* ) | C.A. No.: 3:23-cv-00050-MOC-SCR |
| v. ) | Oral Argument Requested |
| ) | |
| Mazda Motor of America, Inc., ) and Keffer Mazda, others similarly situated, ) *Defendants.* ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO VACATE JUNE 28, 2023, STAY TO PERMIT TO INTERVENTION IN GUTHRIE V. MAZDA MOTOR OF AMERICA, INC., CASE NO. 22-CV-1055 -DOC-DFM, (C.D. CALI) THAT IS ALSO REQUESTING AN ORDER FORTHWITH AS PRELIMINARY PROCEEDINGS THEREIN ARE SET FOR FEBRUARY 26, 2024[1]**

Plaintiff, Francis J. Farina ("Farina") – who has moved this Court to vacate its June 28, 2023 Order (*Farina* DE- 42) granting Joint Motion to Dismiss, Stay, or Transfer on behalf of Defendants Mazda Motor of America, Inc. d/b/a Mazda North American Operations & Lake Norman Auto Mall, LLC d/b/a Keffer Mazda ("Mazda's Stay Motion") (*Farina* Doc No. 20) so he can immediately seek to intervene in *Guthrie v. Mazda Motor of America, Inc.*, Case No 22-cv-1055-DOC-DFM ("*Guthrie*"), currently pending in the United States District Court for the Central District of California Southern Division – Santa Ana – herein replies to Defendants' opposition thereto (Doc No. 47.) Given that the matter is now ripe for determination and with a hearing on

---

[1] The Guthrie Court has set hearing on preliminary approval of the proposed settlement and, as is important herein, form of class notice, for February 26, 2024. Plaintiff would like to have his request to intervene heard by the Guthrie Court that day as his concerns go to (1) inadequate notice, (2) an overbroad release, (3) that offers no consideration for the claims asserted in this Farina case, that (4) is being championed in Guthrie by a North Carolina resident who plainly lacks standing.

preliminary approval in *Guthrie* set for February 26, 2024, Plaintiff respectfully requests entry of the (proposed) Order attached hereto.

On January 19, 2024, after numerous delays, the Guthrie parties filed a Joint Term Sheet for settlement - dated September 20, 2023, and signed by counsel for Mazda and Guthrie – that list resolving *Farina* as a component. *See* Doc. No. 46-2 -- Sponsoring Declaration of Joseph A. O'Keefe, Esq. ("O'Keefe Dec."), Exhibits 1, 13. After consulting with Defendants, Plaintiff came to this Court seeking a lift of the stay so that he may seek permission of the Guthrie court to intervene therein to outline his concerns over (1) lack of notice as to the Farina claims, (2) that absent class members would be waiving due to an overly broad release, (3) for no consideration, and (4) that are being championed by a North Carolina resident who lacks standing.

Using defendants own public filings, Plaintiff details therein that while he sat patiently on the sidelines, Mazda stipulated to an amended complaint in Guthrie that joined a North Carolina Resident who leased – and already returned - an affected vehicle. Plaintiff has shown precisely how Mazda specifically negotiated a broad release that plainly encompasses the Farina putative class and his "unique" claims in *Guthrie* and proposes a class notice which entirely omits any reference to this Farina action and says nothing as to the rights/claims herein that will plainly be waived, as the proposed final order makes clear. (Doc. 46). In response, Defendants fail to address to Farina's claims of a change in circumstances, opting instead to argue as to why this Court should not allow Farina to intervene in *Guthrie* – something which is clearly within the ambit of the *Guthrie* court and, respectfully, not this Honorable Court's.

In response to Farina's motion, it was Defendants' burden to come forth and justify maintaining the Stay. *Sierra Club v. Nat'l Marine Fisheries Serv.*, 2024 U.S. Dist. LEXIS 4183, *14-15 (D. Md., 1.9.24), (*... the defendants bear the burden of justifying staying the litigation).*

Farina outlined precisely how the intended Guthrie notice is patently misleading and, particularly, as Farina and his claims are specifically relevant to the subject settlement itself, needs to be corrected to include full disclosure of the claims the putative class will be releasing. *See Career Counseling v. Amerifactors Fin. Group,* 2020 U.S. Dist. LEXIS 257501, *4 (Examples of abusive communications warranting court intervention pursuant to Rule 23(d) include false, misleading, intimidating, and coercive communications as well as attempts to undermine confidence in class counsel) citing *Beasley v. Custom Commc'ns, Inc.*, No. 5:15-CV-583-F, 2016 U.S. Dist. LEXIS 157118, 2016 WL 6684206, at *3 (E.D.N.C. Nov. 14, 2016) (citing *In re Sch. Asbestos Litig.*, 842 F.2d 671, 683 n.23 (3d Cir. 1988))). Defendants, in opposition, do not deny this. Instead, they say Farina has to save it until **after** the offensive notice has been approved by the Guthrie Court and disseminated.

Lifting the stay immediately to allow Farina to seek the Guthrie Court's permission to intervene will ensure that the putative class receives, at a minimum, proper notice of all the claims they will be releasing in furtherance of duties owed. *Runion v. U.S. Shelter,* 98 F.R.D. 313, 318 (Apart, then, from the question whether 23(e) provides authority for judicial control over settlements and compromises by representative parties or not, the District Court would appear to have an ample arsenal to checkmate any abuse of the class action procedure, if unreasonable prejudice to absentee class members would result, irrespective of the time when the abuse arises). Defendants claim that this is premature.

Defendant's argument, however, goes directly against very recent, applicable case law:

> *Notice [and intervention] is necessary if: (1) there is evidence that the named plaintiffs "appended class allegations in an attempt to get favorable individual settlements"; (2) notice would "protect[] the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims"; or (3) there is a need to "protect[] the class from prejudice it would*

3

> *otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." Id. at 1409-10.*

*Dougan v. Centerplate, Inc.,* 2023 U.S. Dist. LEXIS 221273, *6. (S.D. Ca. December 12, 2023).

Moreover, as to the Stay, despite Farina reaching out multiple times over the last several months asking for information and/or a seat at the negotiating table, and instead of researching the claims asserted in this action or reaching out to Farina, *and without itself seeking this Court's permission to lift the Stay*, on November 14, 2023, Mazda stipulated in *Guthrie* to the addition of a North Carolina resident as a named plaintiff, who has been promised a $2,200 incentive award if settlement in *Guthrie* is approved. O'Keefe Dec., Exhibits 5-7; supra, Para. "Conferral Pursuant to Local Rule 7.1(b)." Guthrie's North Carolina 'convenience plaintiff' clearly lacks standing to approve the notice, let alone champion the claims asserted by Farina, and was plainly added to *Guthrie*, and stipulated to by Mazda, to allow Guthrie and Mazda to bargain away Farina's claims with no compensation whatsoever and deliberately withholds fair notice to the absent class(es) of the claims they are asked to release in the proposed *Guthrie* settlement, all in contravention of the Stay.

It is obvious that the proposed settlement in *Guthrie* – through the stipulated addition of the straw plaintiff from North Carolina, the overbroad terms of the Proposed Settlement's Release, and the proposed orders themselves - intends to leave Farina as a class of one. Moreover, the proposed notice itself fails to disclose the significant and acknowledged claims the putative class is being asked to walk away from. Lifting the Stay merely allows Farina to seek the permission of the *Guthrie* Court to intervene so that – on behalf of the putative class - he can address this all with the Guthrie Court before a false and misleading dissemination is made to the class.

In response to his motion, Defendants have come forth with <u>*nothing*</u> to counter the equitable circumstances Farina has presented which did not exist at the time this Court entered the

Stay. *Farina v. Mazda Motor of Am., Inc.,* 2023 U.S. Dist. LEXIS 114029, *15 (Some district courts in this Circuit have also recognized that "other special circumstances" could have the same affect, such as forum shopping, anticipatory filing, bad-faith filing, or a first filing during settlement negotiations).

**WHEREFORE,** Plaintiff prays the Court immediately GRANT Plaintiff's Motion to Lift the Stay, or, alternatively, transfer this case accordingly.

Respectfully submitted February 16, 2024.

**Baker Law Group, LLC.**

By: /s/Joseph A. O'Keefe
Joseph A. O'Keefe, *Admitted Pro-Hac Vice
Joseph@Jbakerlawgroup.com

**The DiGuiseppe Law Firm, P.C.**

By: */s/ Raymond M. DiGuiseppe*
NC State Bar No. 41807
116 N. Howe Street, Suite A
Southport, NC 28461
Phone: 910-713-8803
Email: law.rmd@gmail.com

**Ledo Law**

By: */s/ Michele A. Ledo*
NC State Bar No. 32166
227 Elm Street
Raleigh, NC 27601
Phone: 919-835-1311
Email: mledo@ledolaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I caused a true and correct copy of the foregoing to be filed and served with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

Jeremy A. Kosin, NC Bar #36116
Kenneth B. Rotenstreih NC Bar # 14293
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898 Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: jak@trslaw.com
E-mail: kbr@trslaw.com
***Attorney for Defendant Keffer Mazda***

Evan M. Sauda, NC Bar #32915
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
Email: evan.sauda@nelsonmullins.com
***Attorney for Defendant Mazda Motors of America, Inc.***

    Baker Law Group, LLC

    By: /s/Joseph A. O'Keefe
    Joseph A. O'Keefe, *Admitted Pro-Hac Vice