IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Francis J. Farina, on behalf of himself and all others similarly situated,<br>     Plaintiff,<br> v.<br>Mazda Motor of America, Inc., and Keffer Mazda, on behalf of itself and all others similarly situated,<br>     Defendants. | C.A. No.: 3:23-cv-00050-MOC-SCR |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULES 59(e) AND 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, Francis J. Farina ("Farina," "Plaintiff") by and through his attorneys, hereby moves for Relief pursuant to Fed.R.Civ.P.59(e) and 60 as follows:

**I. Preface**

1. On February 11, 2025, Farina not only timely OPPOSED the renewed motion to dismiss, he also renewed his requests for jurisdictional discovery. See ECFs 60, 61 and 69. And, he also requested (in the alternative) that if the Court had any concerns as to the "factual predicate" of his claims and/or surrounding his Subject Matter Jurisdiction argument(s), he be allowed to amend his claims via a **Second Amended Complaint ("SAC")** which (1) included information learned during the eighteen (18) month stay imposed by this Court and (**2) delineating his claims so that there can be no claimed confusion with, or overlap involving, Guthrie.** See ECFs 70.

2. Farina also noted that the relief sought in the SAC had not changed, that **he still seeks recall and/or repairs and/or replacement for the affected emissions systems and for Mazda to honor its emissions warranties**, <u>explaining why the affected vehicles Malfunction Indicator Light ("MIL," "CHECK ENGINE") does not alert Class Members to the vehicles excessive emissions.</u> Id, citing (Exhibit 1) thereto which is Exhibit 1 hereto. ***None of this – like***

1

*Farina's Subject Matter Jurisdiction argument(s) - was addressed in the June 2nd) Order* .

3. Farina learned on May 17, 2025 that Mazda is settling claims in Kentucky concerning an infotainment system that he does not have, but under terms that most certainly involve the rigged and/or defective emissions check engine light that does not alert Class Members to excessive emissions!

4. Not only did this Court ignore Farina's request for Jurisdictional Discovery - and his proposed Second Amended Complaint - it took as Gospel Truth material misrepresentations made to it by Mazda, including what the Guthrie court said, when it said it and why.[1]

5. Meanwhile, before yet another federal court, Mazda is again, talking out the other side of its mouth, taking specific care to avoid its mistakes in Guthrie by finally, and formally, sweeping the true "predicate" of Farina's claims into a much more specific Release.

6. The upshot of this motion is that this Court failed – against its own precedent – to address Farina's claims that the Guthrie court palpably lacked subject matter jurisdiction over Farina's claims. As Judge Carter specifically acknowledged multiple times during the Final Approval Hearing, it was not wading into this Court's territorial waters.

## II. <u>Fed.R.Civ.P.59(e)</u>

7. This motion is not being used to merely "reargue[] the facts and law originally argued in the parties' briefs*." Jahagirdar v. Comput. Haus NC, Inc.*, 2023 U.S. Dist. LEXIS 217338, *2-3 (W.D., N.C. 2023)*, citing, United States v. Smithfield Foods, Inc.,* 969 F. Supp. 975, 977 (E.D. Va. 1997).

8. Instead, as this Court outlined in *Jahagirdar, supra,* a Rule 59(e) motion is proper

---

[1] Mazda's counsel flat out denied that **Judge Carter specifically disclaimed –** *at the Final Approval Hearing* **– Subject Matter Jurisdiction over Farina's emissions claims,** which, had it reviewed the correct transcript, would have been plainly evident to the Court. See ECF no. 62.4.

when, as herein, it is "( …. (2) to account for new evidence . . .; [and] (3) to correct a clear error of law or prevent manifest injustice." *Id, citing,Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020).

9. Farina is moving herein under Rule 59(e) based on (a) new evidence; (b) that Mazda has withheld while materially misleading this Court; and (c) which necessarily must be considered by this Court to avoid manifest injustice to Farina and 86,000 other Mazda owners.

10. On May 17, 2025, Farina received Notice of a pending class action settlement involving Mazda and its electronics, including the on board diagnostics that should be triggering alerts to excessive emissions. *See, Duffy et al v. Mazda Motor of America, Inc*., No. 24-cv-388 (W.D. KY) ("Duffy"), appended to Declaration of Joseph A. O'Keefe as Exhibit 1.

11. As Farina's proposed Second Amended Complaint ("SAC") makes crystal clear, *the Malfunction Indicator Light (or, restated, the emissions check engine light) is the true "predicate" of Farina's claims as sharpened within the proposed Second Amended Complaint*, and NOT the defective valve stem seal. See Exhibit 1 hereto, Farina's proposed SAC, previously lodged at ECF 70-2, which was not considered by the Court in its June 2, 2025 Order.

12. While Farina was correctly arguing he did not – and could not – waive his actual claims by failing to opt out of *Guthrie*, Mazda was hiding the fact that at the very same time that *Guthrie* was being negotiated under mediation by the Honorable Dickran Tevrizian in California, Mazda – *through its counsel herein, Robert Wise* – was also before Judge Tevrizian to negotiate a settlement in *Duffy*.

13. In fact, Wise acknowledged at the February 10, 2025 Preliminary Approval Hearing in Duffy, the defective electronics at issue therein are "*tied in with different systems, …*" See Duffy ECF 40 at page 13, Lines 20-25.

3

14. Yes, Wise specifically negotiated – and failed to inform this Court – terms that indicate Mazda is now settling Farina's actual claims, cloaked, by involving the very same electronics Farina has all along been alleging are defective and/or rigged to avoid alerting that the class vehicles' emissions exceed that which was certified and warranted as mandated by the Clean Air Act.

15. ***The complete failure of Mazda's emissions systems to alert***, and the accelerated wear caused to the emissions components (catalytic converter especially) - ***and not the defective valve stem seal - is and has been the "predicate" of Farina's claims***, especially ***since the statutory cure period under the Clean Air Act ("CAA") expired.*** Exhibit 1.

16. Being the only Class Member with Standing who timely filed suit within the emissions system's warranty period, Farina's specific vehicle make and model is the **only overlap** between the *Duffy* and *Guthrie* classes. Attorney Wise alluded to these expired claims during the Duffy Preliminary Hearing wherein he advised that proceeding forward would be difficult because so many of that class's warranty period had expired. See Duffy ECF 40 at pp. 16-18.

17. More interestingly, the only common denominator between Farina's make and model, and the balance of the *Duffy* class, is Mazda's universal OBD – the component which should be setting "things" in motion relative to the emissions warning light, but plainly isn't.

18. Even more intriguing, in *Guthrie* Mazda's sole 30 (b) (6) witness noted that Farina does not even have a telematics unit:

> Q: For these approximately 86,000 vehicles, do you know how many had, you may not know, do you know how may had the Mazda Connected Services turned on?
>
> A: I don't but the 2021 Mazda6 is not equipped with a TCU or the telematics control unit, so it does not have connected services.

See Transcript of Deposition of Jerry Ward, PMK, Thursday October 26, 2023, Guthrie ECF Document 139-5 at pp. 23-24. That leaves the CPU as the common denominator binding Farina

to the Duffy class.

19. Farina has been alleging all along that his - as well as all other affected class members' Malfunction Indicator Light (or emissions check engine light) - are plainly defective and/or rigged to avoid alerting excessive vehicle emissions. Farina has further alleged that the excessive emissions have caused emissions components to experience premature wear.

20. The Duffy Complaint cites, in footnote 3 (paragraph 37), what is covered by an "infotainment system," and specifically states that the defective components include the subject, suspect On Board Diagnostics or ("OBD"):

> *Digital instrument clusters fetch information from the vehicle ECU unit via OBD port-II and displays in the display screen of the infotainment system. Being a part of the digital cockpit system, the instrument cluster is integrated with other digital interfaces of the vehicle like Head Unit, Heads-up Display (HUD) HVAC and Infotainment systems.*

*https://www.einfochips.com/blog/everything-you-need-to-know-about-in-vehicle-infotainment-system/*

21. Plainly, the integration and use of a single CPU as described in the Duffy Complaint is what Robert Wise was referring to when he represented to the Duffy Court that the infotainment system Farina does not have is "tied in with other systems."

22. Thus, in a truly rare Hollywood reveal[2], **if,** as Mazda posited, and as this Court found, **Farina Released everything possible under the sun in the Guthrie Action** that was related to the defective valve stem seal, **he would not be a part of the Duffy class**!

---

[2] As made famous in *A Few Good Men* starring Tom Cruise and Jack Nicholson, there would be no need for a second release, if, as Mazda represented to this Court, Farina Released his claims in *Guthrie. See,* https://medium.com/theuglymonster/a-few-good-men-doesn-t-question-the-military-25637f5f7ff7 (The conflict of 'A Few Good Men' is that someone died under a code red, and Jessup tried to cover it up by lying.)

### III. Fed.R.Civ.P. 60

23. Rule 60(b)(1) states: "On motion and just terms, the Court may relieve a party or its legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect " FED. R. CIV. P. 60(b)(1).

24. Herein, this Court - taking what Mazda presented at face value and without any evident consideration of Farina's proposed SAC, the arguments surrounding it, or Subject Matter Jurisdiction, or even reading the Guthrie transcripts - has made several demonstratively incorrect findings:

    a. ***Judge Carter's statements disclaiming Subject Matter Jurisdiction over Farina's CAA claims cited by the Court weres*** not ***made*** relative to Farina's press for intervention but instead were made ***at the final hearing on September 16, 2024***:

> **THE COURT**: Mr. Farina is not out of court. He still has another Opportunity in Carolina. (Exhibit D, *Doc. 62-4,* Pg.16, L-10-11, emphasis added).

And, further, the Guthrie Court – ***<u>again at final approval</u>*** – absolutely and expressly deferred to this Court's actual subject matter jurisdiction over Farina's "unique" claims:

> **MR. O'KEEFE:** well, Your Honor, we proposed language, Just a simple paragraph of language that simply says it does not involve the emissions components and/or. And then we cite Mr. Farina's case as well.
>
> **THE COURT**: *but then that case would go forward here on the emissions component?* (Exhibit D, Doc. 62-4, Pg. 27, L:10-13, emphasis added).

The timing of the above colloquy is plainly dispositive. Based on Mazda's misrepresentations, this Court got it plainly wrong. ***Judge Carter,*** as the above shows, ***specifically disclaimed Subject Matter Jurisdiction over Farina's claims at the Final Approval Hearing -*** long after he DENIED Farina intervenor/party status, denied Farina's motion to examine any witnesses at the Final Settlement Hearing, and ***after the opt-out window had closed***.

    b. Judge Carter clearly articulated that Farina's claims are predicated on defective emissions components and *NOT* the valve stem seals. In fact, throughout the four (4) hearings held before Judge Carter, Mazda and Guthrie stated not less than 65 times that they were resolving the "powertrain" issues associated with the defective part. They also averred approximately a half

a dozen times – over Judge Carter's expressed skepticism - that Farina's emissions claims were "meritless" and, therefore, not part of their settlement. (Doc. No's. 62-1-4)

  c. Nobody other than Farina, *who was DENIED Party Status in Guthrie*, had standing under the Clean Air Act to bring the claims he has brought forth herein. See, *Appalachian Voices v. Duke Energy Carolinas*, LLC, 2018 U.S. Dist. LEXIS 226920, *3-4 (M.D., N.C. 2018)( Under the CAA, citizen suits are subject to two statutory limitations. First, a would-be plaintiff must give sixty days' notice to the EPA, the state, and the alleged violator of its intent to sue), id, citing, 33 U.S.C. § 1365(b)(1)(A). This Court's failure to consider Farina's arguments surrounding the Guthrie Court's lack of subject matter jurisdiction itself warrants reversal.

  d. This Court specifically held in *Moise v. Shivers*, 2024 U.S. Dist. LEXIS 234341, *2 (W.D., N.C. Dec. 30, 2024, Hon. M.O. Cogburn Jr,. U.S. D.J), "when a plaintiff lacks standing, the suit must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id*. citing *CGM, LLC v. BellSouth Telecomms., Inc.,* 664 F.3d 46, 52 (4th Cir. 2011). The burden of establishing subject matter jurisdiction rests with the plaintiff. *Demetres v. E. W. Constr., Inc.,* 776 F.3d 271, 272 (4th Cir. 2015), *see also, Doe v. Obama,* 631 F.3d 157, 160 (4th Cir. 2011). (named plaintiffs, when challenged, have the burden of establishing standing). Since only Farina meets the statutory requirements to bring action under the CAA, and he was denied Intervention, party status, the Guthrie Court lacked Subject Matter Jurisdiction over Farina's CAA claims. And Judge Carter repeatedly made that point clear throughout the Final Settlement Hearing.[3]

  e. The proposed SAC makes it crystal clear that Farina's claims are squarely based on the CAA's Statutory Requirements, and that only he meets the statutory predicate for bringing suit thereunder. ***This is why***, *as noted* ***at the Final Approval Hearing***, ***the Guthrie Court*** plainly ***never intended to resolve or interject Farina's "unique claims" into the subject settlement***. *See, Randall v. United States*, 95 F.3d 339, 344 (4th Cir. 1996).(Federal Courts "possess only that power authorized by Constitution and statute." ); *see also*, Doc. 70, Ex 2, 42 U.S.C. 7401, et seq.; *Boucher v. Bond,* 1:24-cv-222-MOC, (W.D., N.C. Feb.11.25 – Hon. M.O. Cogburn Jr,. U.S.

---

[3] Farina's Reply in Support of his Rule 56(d) motion (ECF 72), detailing Judge Carter's statements to the Final Settlement Hearing, was before this Court at the April 23, 2025 hearing but not considered by this Court.

D.J.)(Plaintiff must allege and specify why this Court has subject matter jurisdiction over this action. If Plaintiff fails to establish a basis for subject matter jurisdiction, the Court may, without notice to Plaintiff, dismiss all claims as to all Defendants.)

25. Rule 60(b)(2) further states that the Relief sought herein is appropriate with newly discovered evidence. As demonstrated by the chronology set forth in the accompanying O'Keefe Declaration, Robert Wise, on behalf of Mazda, specifically set about to be certain that, this time, Farina's claims would be Released. To wit:

> "Released Claims" means … **any Settlement Class Member had, have, or may in the future have, with respect to … and that <u>relate to a Mazda Connect infotainment system and that are based on the same factual predicate asserted in the complaint filed in the Litigation. …</u> )**

26. If the Guthrie Release covered Farina's claims, then there would be no need to include him in the second Duffy settlement. Moreover, there would be no need for its Release that more specifically covers the true "predicate" of Farina's CAA claims - a rigged or faulty CPU that is preventing the emissions check light from illuminating.

27. This is particularly so as Farina's vehicle does not even have the subject "infotainment" system.

28. Rule 60(b)(3) applies when, as herein, there is fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

29. Exhibit 2 hereto – the Declaration of Joseph A. O'Keefe – contains a detailed – and telling – Chronology of this action as intertwined with Guthrie and, now that Plaintiff is aware, Duffy. Mazda has yet to play it straight with the Courts.

30. Instead of addressing Farina's claims head on, Mazda has now twice moved in the

8

Case 3:23-cv-00050-MOC-SCR    Document 83    Filed 06/09/25    Page 8 of 12

Shadows to try and "deal with" these claims through Gerrymandered settlements.[4]

31. Rule 60(b)(6) also authorizes a district court to grant relief from a final judgment for "any other reason that justifies relief."

32. Herein, respectfully, the Court gave little to no consideration to Farina's argument that the *Guthrie* court repeatedly acknowledged its lack of Subject Matter Jurisdiction, or to his proposed Second Amended Complaint that, palpably, establishes the "predicate" thereto as the class vehicles emissions systems not operating as certified and warranted.

33. Farina only first learned of the *Duffy* matter – a case that, like Guthrie, began in California state court and that was contemporaneously mediated before Judge Tevrizian with Guthrie - on May 17, 2025 when he received Notice thereof. (See Exhibit 2.)

34. Farina's request for early discovery - which also was before this Court on April 23rd but was not given any consideration - would plainly have uncovered the Duffy case. Further, this Court should have granted Farina's outstanding request for permission to file the proposed Second Amended Complaint which makes it clear that his claims are specifically "predicated" on emissions electronics which are defective and/or rigged. *See also*, Ex 1 hereto.

35. The matters complained of herein - *especially as pertains to what Judge Carter said, when, and about what* - are real issues of concern, and not mere "re-argument."

36. Farina is requesting that this Court consider (a) the correct transcript/timing of Judge Carter's statements disclaiming Subject Matter Jurisdiction, (b) Farina's arguments surrounding Subject Matter Jurisdiction – *in combination with the Guthrie Court's acknowledged*

---

[4] As to Duffy, be it pursuant to this caption or a new action, Farina will be loudly Opting Out – on behalf of himself and all others similarly situated – because the Release therein, unlike Guthrie, specifically references the affected vehicles emissions components that Farina claims are somehow coded to avoid alert.

*lack thereof,* and (c) the proposed SAC's actual predicate in context to what is being claimed and released in the *Duffy* matter.

37. Farina's claims involve the same defective valve stem only to the extent that it is the reason that the emissions check engine light – *something certified to be so sensitive that a loose gas cap should set it off* – is not alerting to excessive emissions. But that is where it ends.

38. **The defective valve stem is not** – as the Court found, **as the Duffy settlement terms confirm,** and as Farina's proposed SAC illustrates - **the same "predicate" of Guthrie's claims**.

39. A fair consideration of the proposed SAC will show that the actual "predicate" of Farina's claims is a faulty and/or rigged emissions system, one that comes with tens of millions of dollars in fines, penalties, and, if necessary, vehicle repurchases. And, of course, class wide relief, as enforced through the Magnusen Moss Warranty Act. Exhibit 1.

40. Lastly, and as outlined above, the inclusion of Farina's make and model in Duffy's class, and the specific reference in Duffy to the OBD – in essence the central processing unit responsible for alerting the emissions check engine light – is absolute proof that Farina's claims were not Released and/or otherwise barred by the Guthrie settlement.

WHEREFORE, Plaintiff requests that this Court VACATE its Order and Opinion of June 2, 2025, and GRANT the relief sought herein by accepting the proposed second amended complaint and requiring Defendants to answer same within twenty (20) days therefrom.

DATED this 9th day of June 2025.

**J. O'Keefe, PLLC**
By: /s/Joseph A. O'Keefe
Joseph A. O'Keefe, *Pro-Hac Vice
Pa. Bar. # 77068
Co. Bar. #52229
Phone: (719) 352-8327
Email: joseph@jokeefelaw.com

**The DiGuiseppe Law Firm, P.C**.
By: /s/ Raymond M. DiGuiseppe
NC State Bar No. 41807
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com
*Attorneys for Plaintiff*

11

CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, I caused a true and correct copy of foregoing to be filed and served with the Clerk of Court using CM/ECF system which will send notification of filing to the following:

Jennifer Williams Winkler
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
One Wells Fargo Center
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
Email: jennifer.winkler@nelsonmullins.com

Robert L. Wise, Admitted *Pro Hac Vice*
Danielle Gibbons, Admitted *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
901 East Byrd Street, Suite 1650
Richmond, Virginia 23219
Telephone: (804) 533-2900
Facsimile: (804) 616-4129
Email: robert.wise@nelsonmullins.com
Email: danielle.gibbons@nelsonmullins.com

***Attorney for Defendant Mazda Motors of America, Inc.***

Jeremy A. Kosin, NC Bar #36116
Kenneth B. Rotenstreih NC Bar # 14293
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898 Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: jak@trslaw.com
E-mail: kbr@trslaw.com

***Attorney for Defendant Keffer Mazda***

                                        Baker Law Group, LLC

                                        By: /s/Joseph A. O'Keefe
                                        Joseph A. O'Keefe, * Pro-Hac Vice

12

Case 3:23-cv-00050-MOC-SCR     Document 83     Filed 06/09/25     Page 12 of 12