IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Francis J. Farina, on behalf of himself and all others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) C.A. No.: 3:23-cv-00050-MOC-SCR ) |
| v. | ) ) ) |
| Mazda Motor of America, Inc., and Keffer Mazda, others similarly situated, | ) ) ) |
| *Defendants.* | ) ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

In its opposition to Plaintiff's Motion to Alter or Amend Judgment pursuant to Rules 59/60 of the Federal Rules of Civil Procedure, Mazda faults him for failing to present his proposed Second Amended Complaint through its own Motion. Therefore, pursuant to Local Rule 7.1, Plaintiff, Francis J. Farina, hereby moves this Court to enter an Order granting Plaintiff leave to file a Second Amended Class Action Complaint and Jury Demand ("Second Amended Complaint," "SAC")[1], filed concurrent herewith, and in support thereof, states the following:

1) For the reasons set forth in Plaintiff's brief in support of his Motion to Amend or Alter the Court's Judgment, Doc. No.83 and in his Reply in Support thereof, Doc. No.85, it is necessary and proper to allow the requested Amendment. *See also*, Doc. No. 86.

---

[1] The proposed Second Amended Complaint attached to Farina's February 2025 motions has been updated to reflect information in Mazda's just issued Annual Financial Statements for the year ended March 31, 2025. Since plaintiff has been forbidden by this Court for nearly 2 and ½ years to get discovery, the only source of information with respect to his claims continues to be publicly available information.

1

2) Federal Rule of Civil Procedure 15 states, in part: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also U.S. ex rel. Wilson v. Kellogg, Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (recognizing that motions to amend "should be granted liberally").

3) The Fourth Circuit has held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

4) As the 4th Circuit noted in *Foster v. Wintergreen Real Estate Co.,* 363 Fed. Appx. 269, 275-276 (4th Cir. 2010)(Denying the motion because, ironically, it did not cure plaintiff's lack of standing to bring the subject claims):

> "[A] post-judgment motion to amend is evaluated under the same legal standard"--grounded on Rule 15(a)--"as a similar motion filed before judgment was entered." Rule 15(a) directs that leave to amend shall be freely given when justice so requires. . . . Our court therefore reads Rule 15(a) to mean that [*276] leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile. *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009) (quoting *Laber,* 438 F.3d at 426-27) (internal citations omitted). HN14 "Leave to amend . . . should only be denied on the ground [**18] of futility when the proposed amendment is clearly insufficient . . . on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986).

5) Defendants have yet to respond to the outstanding complaint, or the Duffy Complaint for that matter; have avoided a Rule 26 Conference; and have produced virtually no discovery in Duffy or Guthrie. Since the only "bad faith" in this litigation has been on Mazda's part, there can be no prejudice. And, as the Duffy Settlement shows, (*See* Doc. No. 83, 85, and 86, Plaintiff's Motion for Oral Argument) the amendment plainly is not futile.

6) This Court, in *Mayfield v. NASCAR*, 2010 U.S. Dist. LEXIS 136973, *8. (W.D. N.C., 2010), made it plain that the only difference when a motion is brought post Judgment is that

2

the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." Id., citations omitted. Farina has timely, in fact nearly immediately, moved for this Relief and incorporates herein, Doc. Nos. 83, 85, and 86,) as though they are set forth herein.

7) Until this Court addresses Farina's Subject Matter Jurisdiction Argument, it cannot determine " futility," and as outlined within Farina's Motion for Oral Argument, Doc. No. 86, if there is any "bad faith" herein, it is on Mazda's part.

8) Robert Wise has made direct, material misstatements of fact while concealing yet another gerrymandered settlement in Duffy - apparently negotiated at the same time and before the same mediator as in Guthrie - that is plainly crafted to sweep up the real predicate to Farina's claims that a rigged or defective malfunction indicator light fails to alert to excessive emissions due to excessive oil consumption. *See, e.g.,* https://carbuzz.com/japanese-automakers-admit-cheating-safety-and-emissions-tests-toyota-honda-suzuki-mazda/ wherein it was reported Mazda, specifically as pertains to the M6:

> *The second test Mazda flouted regulations on related to emissions, in which* **_Mazda engineers tested two models with software that did not match that of the cars delivered to customers, with ignition timing modified to pass the tests_**. *Both models have had production and export paused until such time as they are fully investigated and re-examined*

9) Neither Farina's vehicle nor any other 2021 Mazda6 Owner's vehicles have the Connectivity Master Unit ("CMU or "TCU") at issue in the Duffy litigation.

10) Nonetheless, all 2021 Mazda6 Owners, including Farina himself (*the only member of the Guthrie Class who timely tolled his claims under Mazda's emissions warranties*) - who are Absent Parties in Duffy - have been improperly included in the Duffy action as Settlement Class

3

Members as part of Mazda's attempt to evade liability for a rigged and/or defective Malfunction Indicator Light that fails to alert to excessive emissions due to excessive oil burn.

11) The only reason Farina has been included in the Duffy Class is to sweep up claims Mazda knew were not covered by the Guthrie Settlement.

12) This Court need look no further than paragraph 37 of the initial Duffy complaint, wherein the Duffy Plaintiffs describe In-Vehicle Infotainment systems as integrated systems **which incorporate information from the vehicle's onboard diagnostic ("OBD") systems**:

> *Digital instrument clusters fetch information from the vehicle ECU unit via OBD port-II and displays in the display screen of the infotainment system. Being a part of the digital cockpit system, the instrument cluster is integrated with other digital interfaces of the vehicle like Head Unit, Heads-up Display (HUD) HVAC and Infotainment systems.*

13) Section 10 of the Duffy Settlement Notice sets forth a lengthy definition of Released Claims which includes any and all claims "arising out of the alleged claims as asserted, or as could have been asserted, in the [Duffy] litigation or any other proceedings that related to a Mazda Connect infotainment system and that are **based on the same factual predicate** asserted in the complaint filed in the [Duffy] litigation, including use of a class action procedural device by the Named Plaintiffs and/or Settlement Class Members."

14) The overbreadth of this release, coupled with settlement agreement language attempting to preclude group opt-outs and the knowing and improper inclusion of 2021 Mazda6 vehicles which do not even have the CMU/TCU at issue, demonstrate that the proposed Duffy settlement is in bad faith.

15) According to Mazda, there are 6,033 similarly situated 2021 Mazda6 Owners. *See* Report of Susan K. Thompson and Brian S. Repucci, filed at ECF 139-3 in *Guthrie*.

16) Out of all of these persons, and indeed the *Guthrie* class itself, Farina, and only Farina, timely tolled expiration of Mazda's warranties as against these emissions components.

17) It is absolutely clear from any reading of the Guthrie hearing transcripts that Judge Carter never intended for Farina's claims to be swept up in the Guthrie Release.

18) It is also palpable that Mazda is acting as it has because its liability herein is easily in the nine (9) figure range. *See, e. g.,*

   a. https://www.cleanenergywire.org/factsheets/dieselgate-timeline-car-emissions-fraud-scandal-germany#,
   b. https://www.caranddriver.com/news/a25838717/fiat-chrysler-emissions-cheating-settlement/
   c. https://www.ttnews.com/articles/volvo-trucks-take-780-million-charge-over-emissions-flaw, ,
   d. https://www.carscoops.com/2024/06/toyota-honda-mazda-and-suzuki-admit-fraud-on-certain-vehicle-type-approvals/
   e. https://www.dw.com/en/is-japans-car-testing-scandal-the-new-dieselgate/a-69297911, and
   f. https://carbuzz.com/japanese-automakers-admit-cheating-safety-and-emissions-tests-toyota-honda-suzuki-mazda/ wherein it was reported Mazda, specifically as pertains to the M6:

   > The second test Mazda flouted regulations on related to emissions, in which **_Mazda engineers tested two models with software that did not match that of the cars delivered to customers, with ignition timing modified to pass the tests_**. Both models have had production and export paused until such time as they are fully investigated and re-examined.

19) And, there is Robert Wise's repeated material misrepresentations, including the Whopper he has already told this Court that Judge Carter never said the following at the Final Fairness Hearing on September 16, 2024:

   > **THE COURT**: Mr. Farina is not out of court. He still has another Opportunity in Carolina. (Exhibit D, *Doc. 62-4,* Pg.16, L-10-11, emphasis added). …
   > **MR. O'KEEFE:** well, Your Honor, we proposed language, Just a simple paragraph of language that simply says it does not involve the emissions components and/or. And then we cite Mr. Farina's case as well.
   > **THE COURT**: **_but then that case would go forward here on the emissions component?_**

5

(Doc. 62-4, Pg. 27, L:10-13, emphasis added)..

20) Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires."

21) Herein, it clearly does and the only "bad faith" herein is Mazda's, and the only undue prejudice herein has been to Farina and the members of the Class he seeks to represent.

WHEREFORE, Farina prays this Court RECONSIDER its Order of June 2, 2025, allowing leave for Plaintiff to file the Second Amended Complaint; ORDER that defendants ANSWER the Second Amended Complaint within twenty-one (21) days from the date thereof; and GRANT such other relief as the Court deems necessary and proper.

Respectfully Submitted June 30, 2025.

**J. O'Keefe, PLLC**.
By: /s/Joseph A. O'Keefe
Joseph A. O'Keefe, * Pro-Hac Vice
Pa. Bar. # 77068, Co. Bar. #52229
Phone: (719) 352-8327
Email: joseph@Jokeefelaw.com

**The DiGuiseppe Law Firm, P.C.**
By: /s/ Raymond M. DiGuiseppe
NC State Bar No. 41807
116 N. Howe Street, Suite A
Southport, NC 28461
(910) 713-8804
law.rmd@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed and served with the Clerk of Court using CM/ECF system which will send notification of filing to the following:

Jennifer Williams Winkler
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
One Wells Fargo Center
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
Email: jennifer.winkler@nelsonmullins.com

Robert L. Wise, Admitted *Pro Hac Vice*
Danielle Gibbons, Admitted *Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
901 East Byrd Street, Suite 1650
Richmond, Virginia 23219
Telephone: (804) 533-2900
Facsimile: (804) 616-4129
Email: robert.wise@nelsonmullins.com
Email: danielle.gibbons@nelsonmullins.com

***Attorney for Defendant Mazda Motors of America, Inc.***

Jeremy A. Kosin, NC Bar #36116
Kenneth B. Rotenstreih NC Bar # 14293
Teague Rotenstreich Stanaland Fox & Holt, P.L.L.C.
Post Office Box 1898 Greensboro, NC 27402-1898
Telephone: (336) 272-4810
Facsimile: (336) 272-2448
E-mail: jak@trslaw.com
E-mail: kbr@trslaw.com

***Attorney for Defendant Keffer Mazda***

                                                    */s/Joseph A. O'Keefe*